UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF DARRELL W. WILSON,
Deceased, by its Personal Representative,
DEANDREA TURNER,

    Plaintiff,

                                      Case No. 07-13134

v.

                                      Hon. John Corbett O'Meara

U.S. CUSTOMS/BORDER PATROL
OFFICER DARRELL LYLES,

    Defendant.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, filed May 11, 2009. This matter has been fully briefed. The court held oral argument on August 6, 2009. For the reasons set forth below, Defendant's motion is granted.

**BACKGROUND FACTS**

The Estate of Darrell W. Wilson has brought this Bivens action against Darrell Lyles, a former U.S. Border Patrol Officer. Around two in the morning on July 28, 2004, Wilson was stripping a car at a gas station in Detroit with his cousin, Darryl Irving Wilson ("Irving"). The area was considered a high-crime, high-murder area of the city. Both men had been using heroin earlier and intended to sell the car parts to obtain more. The men took the tires from the car and began walking down a nearby alley, which was dark.

At the same time, Darrell Lyles was leaving his home to go to work as a border

protection officer. For this reason, he was armed with a government-issued handgun and was wearing his uniform, although he was off-duty. He saw Irving and Wilson walking down the alley. Lyles asked them to "freeze." Irving testified, and the complaint alleges, that Lyles did not identify himself as a federal officer. (Lyles testified, on the other hand, that he did identify himself as a federal agent.) Irving did not see Lyles's uniform, but testified that he was wearing "dark clothing." Irving testified that Lyles did not show a badge.

Irving ran and hid nearby. Wilson stopped and eventually laid down on the ground as instructed by Lyles. While he had his gun trained on Wilson, Lyles called for his wife to phone the police. Wilson jumped up and began to run. Lyles testified that he thought Wilson was moving toward him, so he fired his gun. A bullet fragment struck Wilson in the leg. Although Wilson was taken to the hospital, he was not admitted because his injury was minor.

Approximately three years later, Wilson died on June 15, 2007, from dilated cardiomyopathy, a heart problem related to long-term drug abuse. The representative of his estate, Deandrea Turner, filed this <u>Bivens</u> action against Lyles on July 26, 2007.

## LAW AND ANALYSIS

<u>Bivens</u> creates an implied right of action under the Fourth Amendment for suits against individual federal officers for damages for unconstitutional conduct. <u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In order to state a cause of action under <u>Bivens</u>, the plaintiff must allege facts which show that the individual defendant acted "under color of federal authority" and was personally involved in the deprivation of the plaintiff's constitutional rights. <u>See, e.g.</u>, <u>Browning v. Clinton</u>, 292 F.3d 235, 250 (D.C. Cir.2002) (explaining that action under "color of federal authority" is critical to a

Bivens claim); Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir.1997) (explaining that personal involvement is required to state a claim under Bivens).

The Bivens court stated that persons exercising federal authority are those who act "in the name of the United States," and who make an affirmative "claim of federal authority," as distinguished from those who purport to "exercis[e] no authority other than [their] own." Bivens, 403 U.S. at 392, 394.  To be "under color of authority," the conduct must be "cloaked with official power [and the official must] purport [ ] to be acting under color of official right." Browning, 292 F.3d at 250 (quoting Lopez v. Vanderwater, 620 F.2d 1229, 1236 (7th Cir. 1980)). Whether Lyles acted under the color of federal law is a legal issue for the court.  See Neuens v. City of Columbus, 303 F.3d 667, 670 (6th Cir. 2002).

Viewing the facts as set forth by the plaintiff, it is clear that Lyles was not exercising federal authority when he detained and shot at Wilson.  It is undisputed that neither Irving nor Wilson knew Lyles was a federal agent.  Irving testified that Lyles did not identify himself as a federal officer and that he did not see Lyles's uniform or badge.  Lyles was off-duty.  Further, according to U.S. Customs Service policy, Lyles was not permitted to intervene to stop a theft from an automobile, even if he was on duty.  Although Lyles testified that he did state that he was a "federal officer" when he ordered Wilson and Irving to "freeze," he obviously was unsuccessful relaying that information, according to the facts as stated by Irving and in the complaint.  In sum, based upon Plaintiff's version of the facts, Lyles was not acting "in the name of the United States."  As far as Wilson and Irving were concerned, Lyles was a private citizen with a gun.  Although Lyles's conduct may be actionable under state law, it is not under Bivens.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's May 11, 2009 motion for summary judgment is GRANTED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  August 11, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 11, 2009, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager